**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, and THE STATES OF ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, and THE DISTRICT OF COLUMBIA, and THE CITIES OF CHICAGO AND NEW YORK, *ex rel.* JOHN DOE and JACK DOE, | § | |
| Plaintiffs, | § | **No. 18-cv-1688** |
| v. | § | |
| BIOTELEMETRY, INC. and CARDIONET, LLC, | § | |
| Defendants. | § | |

**JOINT STATUS REPORT AND UNOPPOSED**
**JOINT MOTION TO EXTEND STAY**

On July 18, 2019, the Court granted a Joint Motion for Stay filed by counsel for the Relators and the Defendants (the "Parties"), staying the case and suspending all deadlines for 120 days. The Court also ordered the Parties to submit a joint status report if the United States had not made its intervention decision before the stay expired.

On November 13, 2019, the Court granted a second Joint Motion to Extend Stay, further staying the case and suspending all current deadlines for 180 days ("Second Stay"). The Court ordered the Parties to submit a joint status report if the United States had not made its intervention decision before the Second Stay expired.

The Second Stay expired on May 11, 2020, at which time the Court granted an additional Joint Motion to Extend Stay, staying the case and suspending all deadlines for 180 days ("Third Stay"). The Court ordered the Parties to submit a joint status report if the United States still had not made its intervention decision before the Third Stay expired.

On November 11, 2020, the Parties submitted an additional Joint Motion to Extend Stay, which the Court granted, staying the case and suspending all deadlines for 180 days ("Fourth Stay"). The Court ordered the Parties to submit a joint status report if the United States still had not made its intervention decision before the Fourth Stay expired.

The Fourth Stay was due to expire on May 11, 2021, and the Parties submitted a Joint Motion to Extend Stay, which the Court granted on May 10, 2021, staying the case and suspending all deadlines for 90 days ("Fifth Stay").  The Court ordered the Parties to submit a joint status report if the United States still had not made its intervention decision before the Fifth Stay expired.

On August 6, 2021, the Parties submitted a Joint Motion to Extend Stay, which the Court granted, staying the case and suspending all current deadlines for 90 days ("Sixth Stay").  The Court ordered the Parties to submit a joint status report if the United States still had not made its intervention decision before the Sixth Stay expired.

On October 29, 2021, the Parties submitted a Joint Motion to Extend Stay, which the Court granted, staying the case and suspending all deadlines for 90 days ("Seventh Stay").  The Court ordered the Parties to submit a joint status report if the United States still had not made its intervention decision before the Seventh Stay expired.

On January 25, 2022, the Parties submitted a Joint Motion to Extend Stay, which the Court granted, staying the case and suspending all deadlines for 90 days ("Eighth Stay").  The Court ordered the Parties to submit a joint status report if the United States still had not made its intervention decision before the Eighth Stay expired.

On or about March 29, 2022, the parties were advised that this matter was reassigned to United States Magistrate Judge Lynne A. Sitarski due to the retirement of United States Magistrate Judge Timothy R. Rice.

On or about April 25, 2022, the Parties submitted a Joint Motion to Extend Stay, which the Court granted, staying the case and suspending all deadlines for 90 days ("Ninth Stay").  The Court ordered the Parties to submit a joint status report if the United States still had not made its intervention decision before the Ninth Stay expired.

The Ninth Stay is set to expire on July 25, 2022.  The Parties now submit this joint status report and jointly move this Court for a continuance of the stay for an additional 90 days, for the following reasons:

1. Relators filed this action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730 *et al*.  The case was maintained under seal until April 1, 2019 when the Court ordered that the case be unsealed and the Relators' Second Amended Complaint be served on the Defendants.  Dkt. 39.

2. On April 4, 2019, the United States notified the Court that its investigation had not been completed and, as such, the United States was not able to decide whether to proceed with this action.  Dkt. 41.  Accordingly, the United States advised the Court that it was not intervening at that time.  *Id.*

Since that time and during the pendency of the most recent stay, Defendants have exchanged information to facilitate the Government's investigation.

3. The Parties have filed this Joint Motion in good faith and not for the purposes of delay. Since the entry of the Ninth Stay, the Government and the Defendants have had extensive settlement negotiations, which the Parties and the Government expect to conclude within the next ninety (90) days and without the need for litigation. Accordingly, the Parties submit that staying this case for an additional 90 days will serve the interests of judicial economy and conserve the resources of the Parties.

4. Accordingly, the Parties request a continued stay of deadlines for 90 days.

5. Counsel for Relators has conferred with counsel for the United States who have stated that the federal Government does not oppose the relief requested in this Joint Motion.

WHEREFORE, the Parties respectfully request a continued stay of deadlines in this case for 90 days, at which time the Parties shall file an additional status report if this matter is not resolved by that date.

Dated: July 22, 2022

Respectfully submitted,

*/s/ Brian J. McCormick, Jr.*
Brian J. McCormick, Jr.
Ross Feller Casey, LLP
One Liberty Place
1650 Market Street
34th Floor
Philadelphia, PA 19103
Email: bmccormick@rossfellercasey.com
Phone: (215) 574-2000
Fax: (215) 231-3750

Counsel for Relators

*/s/ Thomas H. Suddath, Jr.*
Thomas H. Suddath, Jr.
Reed Smith LLP
1717 Arch Street
Philadelphia, PA 19103
Email: tsuddath@reedsmith.com
Phone: (215) 851-8209
Fax: (215) 851-1420

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2022, in accordance with Local Rule 5.1.2(8) and Federal Rule of Civil Procedure 5(b), this document was filed electronically with the Clerk of the Court using CM/ECF and served upon counsel of record.

*/s/ Thomas H. Suddath, Jr.*
Thomas H. Suddath, Jr.